**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **TUMININU J. OLUYOLE,** | ) | **CASE NO. 8:15CV27** |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM AND ORDER** |
| **YAHOO!, INC.,** | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Motion to Strike the Declaration of Ron Johnstone (Filing No. 22) and Motion for Rule 56(d) Relief (Filing No. 24), both submitted by Plaintiff Tumininu J. Oluyole ("Oluyole"). Also pending is the Motion for Partial Summary Judgment (Filing No. 18) submitted by Defendant Yahoo!, Inc. ("Yahoo!"), which will be discussed, but not resolved in this Memorandum and Order. For the reasons discussed below, Oluyole's Motion to Strike the Declaration of Ron Johnstone will be denied; his Motion for Rule 56(d) Relief will be granted in part; and he will be given leave to submit a brief and any evidence in opposition to Yahoo!'s Motion for Partial Summary Judgment in compliance with NECiv.R. 56.1(b) on or before September 30, 2015.

## PROCEDURAL HISTORY

Oluyole, a native of Nigeria, filed his Complaint (Filing No. 1) on January 20, 2015, asserting thirteen[1] causes of action against Yahoo!, his former employer: (1) discrimination on the basis of race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Nebraska Fair Employment Practice Act ("FEPA"), Neb. Rev. Stat. § 48-1101, *et seq*.; (2) retaliation in violation of Title

[1] The Complaint contains two causes of action both numbered as "Tenth." For purposes of this Memorandum and Order the Court has renumbered Oluyole's last three causes of action.

VII and FEPA; (3) hostile work environment in violation of Title VII and FEPA, (4) discrimination in violation of 42 U.S.C. § 1981; (5) retaliation in violation of 42 U.S.C. § 1981; (6) hostile work environment in violation of 42 U.S.C. § 1981; (7) failure to pay wages and other compensation due in violation of the Nebraska Wage Payment and Collection Act ("NWPCA"), Neb. Rev. Stat. § 48-1228 *et seq*.; (8) demand for an accounting pursuant to the NWPCA; (9) violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511; (10) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (11) violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701; (12) invasion of privacy; and (13) trespass to chattels. Central to Oluyole's claims is his termination from Yahoo! on February 24, 2014, following certain communications, including electronic communications, with his co-worker, Mary Rocha ("Rocha"), on or about January 7, 2014.

On July 2, 2015, Yahoo! moved for summary judgment with respect to Oluyole's second, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth causes of action. In support of its Motion, Yahoo! submitted the declaration of Ron Johnstone, its Vice President and Associate General Counsel (Filing No. 19-1), among other evidence.

On August 10, 2015, Oluyole moved to strike the Johnstone declaration, asserting that it was not properly signed and certified in compliance with 28 U.S.C. § 1746 and should be stricken pursuant to Fed. R. Civ. P. 11(a). Oluyole also moved for relief under Fed. R. Civ. P. 56 (d), asking the Court to deny Yahoo!'s Motion for Partial Summary Judgment as premature, or defer consideration of the Motion until Oluyole conducts discovery. Although Oluyole's Brief in Support of Plaintiff's Motion for Rule 56(d) Relief

(Filing No. 25) is also captioned as a Resistance to Defendant's Motion for Partial Summary Judgment, the brief does not comply with NECivR 56.1(b)(1).[2]

On August 28, 2015, Yahoo! resubmitted the Johnstone affidavit, with an electronic signature (Filing No. 26-1).

## DISCUSSION

### I. Motion to Strike Johnstone Declaration

Oluyole asserts that the Declaration of Ron Johnstone should be stricken because it does not meet the requirements of 28 U.S.C. § 1746 as to form, and because it contains inadmissible evidence not based on Johnstone's personal knowledge.

#### *A. Requirements of 28 U.S.C. § 1746 as to Form of Declarations*

With respect to statutory requirements for the form of the Declaration, 28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or

---

[2] The rule provides:

> **Response to Movant's Statement.** The party opposing a summary judgment motion must include in its brief a concise response to the moving party's statement of material facts. Each material fact in the response must be set forth in a separate numbered paragraph, must include pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies, and, if applicable, must state the number of the paragraph in the movant's statement of material facts that is disputed. <u>Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.</u>

NECivR 56.1(b)(1) (emphasis in original).

> statement, in writing or such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . . .
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

Johnstone's Declaration states that it was submitted "[p]ursuant to 28 U.S.C. § 1746" and "under penalty of perjury[.]" (Filing No. 19-1 at 6.) The signature on the Declaration, however, is followed by the mark "/TF," suggesting it was signed by a surrogate. (*Id.* at 7.)

Fed. R. Civ. P. 11 (a) provides, in part: "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." NECivR. 11.1(a)(2) provides:

> **Nonattorney Signature.** If an original document requires a nonattorney's signature, the filer may (A) scan and upload the signed document to the System or (B) electronically file the document with the nonattorney signature represented by an "s/" and the name typed in the space where the signature would otherwise appear.
>
> **(A) Maintenance of Original Document.** The filer must maintain the original signed document in paper form until all time periods for appeal expire. At the court's request, the filer must provide the original document for review.
>
> **(B) Disputes.** A nonfiling signatory or party who disputes i) the authenticity of an electronically filed document with a nonattorney signature or ii) the authenticity of the signature on a document must file an objection within 7 days of receiving the NEF [Notice of Electronic Filing].

Oluyole did not file his objection to the Declaration within the 7-day period prescribed by NECivR 11.1(a)(2)(B). Nonetheless, Yahoo! submitted a Supplemental Declaration of Ron Johnstone (Filing No. 26-1) on August 28, 2015, in response to the

Motion to Strike, and in apparent compliance with Fed. R. Civ. P. 11(a) and NECiv. R. 11.1(a)(2).

*B. Admissibility of Yahoo!'s Evidence*

With respect to the admissibility of the evidence within and attached to Johnstone's Declaration, NECivR 7.1(a)(2)(C) provides: "An affidavit must identify and authenticate any documents offered as evidence. The affidavit must be made on personal knowledge, set forth facts that would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated, and identify the related motion."

Johnstone, the Vice President and Associate General Counsel for Yahoo!, submitted a Declaration that on its face appears to comply with NECivR 7.1(a)(2)(C). While Oluyole may challenge certain of Johnstone's statements as based on hearsay or lacking proper foundation, those challenges should be made in the responsive brief submitted by Oluyole in compliance with NECivR 56.1(b)(1). In ruling on a motion for summary judgment, the Court will not give weight to evidence proffered by a party if that evidence is inadmissible under the Federal Rules of Evidence.

Oluyole's Motion to Strike the Declaration of Ron Johnstone will be denied.

**II. Motion for Rule 56(d) Relief**

Fed. R. Civ. P. 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Oluyole's Motion for Rule 56(d) Relief is supported by the Declaration of Oluyole's counsel, Jamie M. Hurst (Filing No. 24-1). Hurst asserts that discovery is needed in nine

subject-matter areas in order for Oluyole to respond to Yahoo!'s Motion for Partial Summary Judgment. (*Id*. at 2–3.) Those subject-matter areas listed by Hurst, however, do not serve to identify "facts essential to justify [Oluyole's] opposition" to the Motion for Partial Summary Judgment. Instead, the subject-matter areas listed either represent facts within Oluyole's own knowledge or matters so broad and general as to lack any basis for Rule 56(d) relief.

If the Court were to rule on the Motion for Partial Summary Judgment at this time, the Court would consider all properly referenced facts in Yahoo!'s Brief in Support of Motion for Partial Summary Judgment as admitted. *See* NECivR 56.1(b)(1). In the interest of justice, the Court will defer consideration of Yahoo!'s Motion for Partial Summary Judgment and give Oluyole an opportunity to submit a responsive brief in compliance with NECivR 56.1(b)(1), as well as any affidavits, declarations, or other evidence in opposition to the Motion. Any such brief and evidence must be submitted on or before September 30, 2015. Yahoo! may submit a reply brief, if any, on or before October 7, 2015.

IT IS ORDERED:

1. Plaintiff Tumininu J. Oluyole's Motion to Strike the Declaration of Ron Johnstone (Filing No. 22) is denied;

2. Plaintiff Tumininu J. Oluyole's Motion for Rule 56(d) Relief and in Resistance to Defendant's Motion for Partial Summary Judgment (Filing No. 24) is granted in part, as follows:

> Plaintiff may submit a brief in response to Defendant Yahoo!, Inc.'s Motion for Partial Summary Judgment (Filing No. 18) and any evidence in support of that brief on or before September 30, 2015, and Defendant Yahoo!, Inc., may submit any additional reply brief on or before October 7, 2015; and

Plaintiff's Motion for Rule 56(d) Relief is otherwise denied.

DATED this 8th day of September, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge