# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| TUMININU J. OLUYOLE, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 8:15CV27 |
| YAHOO!, INC., | ) | ORDER |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Compel Discovery ([Filing No. 44](#)). Defendant seeks an order compelling Plaintiff to serve responses to Defendant's First Set of Interrogatories and Requests for Production of Documents and an award of reasonable expenses, including attorney's fees.

On February 18, 2016, Defendant served its first set of interrogatories and requests for production of documents on Plaintiff. ([Filing No. 43](#)). Plaintiff failed to respond to Defendant's requests within thirty days. Defendant's counsel initially emailed Plaintiff's counsel on March 28, 2016, after Plaintiff failed to timely respond to the discovery requests. Plaintiff's counsel replied that his staff were "working on these" and "[o]ur count of the due date may be different than yours." ([Filing No. 45-4 at p. 2](#)). After receiving no further communication from Plaintiff's counsel, on April 22, 2016, Defendant's counsel again emailed Plaintiff's counsel requesting a response before filing a motion to compel. ([Filing No. 45-4 at p. 2](#)). After again receiving no response, Defendant filed the instant motion on April 29, 2016. On May 4, 2016, Plaintiff served responses to Defendant's First Set of Interrogatories and Requests for Production of Documents on Defendant. ([Filing No. 47](#)). As such, to the extent Defendant's motion seeks an order requiring Plaintiff to respond to Defendant's discovery requests, the motion is moot.

However, Defendant's request for attorney's fees and costs is not moot. Pursuant to [Federal Rules of Civil Procedure Rule 37(a)(5)(A)](#): "[I]f the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an

opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." [Fed. R. Civ. P. 37(a)(5)(A)](). Attorney's fees and costs shall not be awarded if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* Defendant's counsel attempted in good faith to obtain discovery from Plaintiff's counsel before filing the present motion. The only explanation Plaintiff's counsel provides for the tardy discovery responses is that Plaintiff's counsel were traveling or in hearings for much of March and April and therefore were unable to review the discovery responses with Plaintiff until after the present motion as filed. ([Filing No. 48]()). It does not appear Plaintiff's counsel apprised Defendant's counsel of their extensive travel plans and busy schedules, nor requested an extension of time to respond. Plaintiff's failure to provide discovery responses required Defendant's counsel to expend time and resources preparing this motion to compel with accompanying brief and index of evidence. The court's involvement could have been avoided if Plaintiff's counsel had simply communicated the need for additional time to complete the discovery responses. Therefore, the court grants Defendant's reasonable fees and expenses incurred in filing the present motion. Accordingly,

**IT IS ORDERED:** Defendant's Motion to Compel Discovery ([Filing No. 44]()) is granted in part and denied in part as follows:

1. To the extent Defendant's motion seeks an order requiring Plaintiff to respond to Defendant's discovery requests served on February 18, 2016, the motion is denied as moot.

2. To the extent Defendant's motion seeks an award of reasonable attorney's fees and costs expended in filing the motion to compel, the motion is granted.

3. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file on or before May 26, 2016, a stipulation of the costs

and fees to be awarded. In the event the parties fail to reach an agreement, Defendant may file on or before May 31, 2016, an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. Plaintiff shall have until on or before June 7, 2016, to respond to the application. Thereafter, the issue of fees and costs will be deemed submitted and a written order entered.

**DATED: May 12, 2016.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**